# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-829V
Filed: November 23, 2015
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
THEODORE ANGLACE,

        Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

        Respondent.

Attorneys' Fees and Costs;
Special Processing Unit ("SPU")

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Ronald Craig Homer, Conway, Homer & Chin-Caplan, P.C., Boston, M.A., for petitioner.*
*Glenn Alexander MacLeod, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

    On September 8, 2014, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that he suffered adhesive capsulitis in his left shoulder as a result of his November 7, 2011 influenza vaccination. On July 14, 2015, a decision was issued awarding compensation to petitioner based on the parties' Stipulation.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, that material will be removed from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On November 20, 2015, petitioner moved for attorneys' fees and costs. (ECF No. 33).  Petitioner applied for attorneys' fees amounting to $13,767.30, attorneys' costs amounting to $239.75, and petitioner's costs amounting to $350.00.  *Id*. at 1.  On November 20, 2015, respondent filed a response to petitioner's application for fees and costs. (ECF No. 35).

Respondent states that she "defers to the Chief Special Master's sound discretion in adjudicating petitioner's Fee Application" and "raises no specific objections to the number of hours billed by petitioner's counsel or the costs claimed for this case." *Id*. at 1 (citations omitted). [3]

The issue of an appropriate hourly rate for the attorneys at the law firm of Conway, Homer, & Chin-Caplan was recently ruled upon in a case before another special master. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The undersigned fully agrees with the *McCulloch* analysis regarding appropriate hourly rates for the attorneys in the Conway, Homer, and Chin-Caplan law firm and adopts the same reasoning in this claim.

In a separate filing and in accordance with General Order #9, petitioner's counsel represents that petitioner incurred costs of $350.00 and petitioner's counsel incurred costs of $239.75. (ECF No. 34).

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300 aa-15(e).  Based on the reasonableness of petitioner's request, the undersigned GRANTS petitioner's request for payment of attorneys' fees and costs.[4]

---

[3] Respondent further indicated that her "decision not to raise specific objections to the Fee Application in this case is not intended, nor should it be viewed, as an agreement, admission, or concession by respondent as to the reasonableness of any of the matters raised by petitioner, including, but not limited to, the hourly rates requested, the number of hours requested, and other litigation-related costs." *Id*. at 2, fn. 1.

[4] In other cases the undersigned has reduced attorneys' fees where multiple attorneys worked on a file. Due to the overall reasonable amount of fees sought in this particular case, the undersigned will not reduce the fees.  However, the practice of having multiple attorneys work on a file is discouraged, and may result in a reduction in fees in other cases.

**Accordingly, the undersigned awards:**

- **A lump sum of $14, 007.05[5], representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner, Theodore Anglace, and petitioner's counsel, Conway, Homer & Chin-Caplan, P.C.; and**

- **A lump sum of $350.00, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner, Theodore Anglace.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  See generally *Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  *See* Vaccine Rule 11(a).